PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL L. PAIGE, ) | |
| ) | CASE NO. 4:15cv914 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| CITY OF YOUNGSTOWN, *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendants. ) | **ORDER** [Resolving ECF No. 2] |

On May 8, 2015, *pro se* Plaintiff Michael L. Paige filed this action under 42 U.S.C. § 1983 against Defendants City of Youngstown, Mahoning County Board of Criminal Justice, the State of Ohio, and Mahoning County Prosecutor Robert J. Andrews. Plaintiff, an inmate at the Mahoning County Jail, alleges that he has been incarcerated there on pending charges since March 3, 2012. ECF No. 1 at 4. Two years later, a jury acquitted him of Aggravated Murder (*id.*), but he continues to be held pending charges of Murder and Tampering with Evidence. *See State of Ohio v. Michael Paige*, 2012-CR-00224 (Mahoning County Court of Common Pleas docket).[1] Plaintiff asserts there is no basis to detain him, and seeks damages for his allegedly wrongful incarceration. Plaintiff has also filed a motion to proceed in forma pauperis. ECF No. 2. His motion is granted; however, for the reasons that follow, the Court dismisses Plaintiff's Complaint.

---

[1] The docket may be accessed electronically *via* the Mahoning County Clerk of Courts Case Search website: http://ecourts.mahoningcountyoh.gov/eservices/home.page.

(4:15cv914)

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean,* No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. V. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. A plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Even construing the complaint liberally in a light most favorable to Plaintiff, *Brand v. Motley,* 526 F.3d 921, 924 (6th Cir. 2008), it does not contain allegations reasonably suggesting he might have a valid federal claim. See *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726–27 (6th Cir. 1996) (holding that a court is not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief). The

2

(4:15cv914)

Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, . . . his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Furthermore, states are not "persons" subject to suit under 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Finally, prosecutors are absolutely immune from liability for actions taken within the scope of their official duties. *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976).

Accordingly, this action is dismissed under 28 U.S.C. § 1915A. The Court certifies, pursuant 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 September 23, 2015              */s/ Benita Y. Pearson*
Date                             Benita Y. Pearson
                                 United States District Judge